## DRYFUS v. BURNES et ux.

(Circuit Court, W. D. Arkansas. November 1, 1892.)

1. USURY—WHAT CONSTITUTES—BONUS TO BORROWER'S AGENT.
   Where an agent in a loan transaction is agent of the borrower, and not of the lender, the fact that he receives a bonus from the borrower is immaterial to the plea of usury. for what the borrower pays to his own agent for procuring a loan is no part of the sum paid for the loan or forbearance of money.

2. SAME—BONUS TO LENDER'S AGENT.
   If an agent in a loan transaction is agent of the lender, unless the proof shows that the lender gave express authority to the agent to exact for his benefit more than the lawful rate of interest, or he had knowledge, express or implied, that the agent had such a purpose, usury cannot be asserted to defeat the remedy.

3. SAME—AGENT'S AUTHORITY—PRESUMPTIONS.
   An authority to loan money at a legal rate of interest does not include by implication the authority to loan at an illegal rate. An authority to violate the law will never be presumed.

(Syllabus by the Court.)

In Equity. Bill by Charles I. Dryfus against Charles Burnes and Catherine Burnes to foreclose a mortgage. Decree for plaintiff.

Clendening, Mechem & Youmans, for plaintiff.
Du Val & Pitchford and Mr. Mellette, for defendants.

PARKER, District Judge. This is a suit to foreclose a mortgage given to secure a loan of $8,000 at 10 per cent. interest. The defendants plead usury. The facts produced in evidence show that the money of plaintiff was received by Burnes and wife from plaintiff through Patterson & Parker, loan and real-estate agents. By the contract, plaintiff was to have 10 per cent. interest on the loan. On agreement with Burnes and wife with Patterson & Parker they were to have 2 per cent. for negotiating the loan, for securing the money for them. Whose agents were they? I find from the proof offered in the case that they were the agents of Burnes and wife alone. This being true, it would make no difference that they received a bonus of $100 from the borrowers. This doctrine is clearly sustained by Vahlberg v. Keaton, 51 Ark. 544, 11 S. W. Rep. 878, in which case the supreme court, speaking of a condition where the agent acted as such of the borrower alone, says:

"Whether he received or did not receive a bonus is immaterial to the plea of usury. What the borrower paid to his own agent for procuring a loan is no part of the sum paid for the loan or forbearance of money."

If it could be held from the facts that Patterson & Parker were the agents of plaintiff in this loan transaction, it could not be held from the proof that plaintiff had given Patterson & Parker any authority to exact for his benefit any more than the lawful rate of interest; nor that he had any knowledge, actual or constructive, of any such purpose. Then, upon this ground, under the doctrine declared in the case of Call v. Palmer, 116 U. S. 98, 6 Sup. Ct. Rep. 301, usury could not be asserted to defeat the remedy in this case, as,

under such circumstances, the loan is not thereby rendered usurious. In Call v. Palmer, this language is used:

"It is settled that when an agent, who is authorized by his principal to lend money for lawful interest, exacts for his own benefit more than the lawful rate, without authority or knowledge of his principal, the loan is not thereby rendered usurious."

Again, said case declares:

"An authority to loan money at a legal rate of interest does not include by implication the authority to loan at an illegal rate. An authority to violate the law will never be presumed."

From the proof in the case, and the law applicable thereto, it becomes manifest that the plea of usury has not been sustained. That leaves the case without any defense, and the decree must therefore go for plaintiff, and it is so adjudged.